UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-308-KKC

BRENDA SUE BRANSCUM                                              PLAINTIFF

v.                           **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on crossing Motions for Summary Judgment filed by the Plaintiff, Brenda Sue Branscum (Rec. No. 8), and the Defendant, Michael J. Astrue, Commissioner of Social Security. (Rec. No. 13). For the reasons set forth below, the Court will GRANT Defendant's Motion for Summary Judgment and DENY Plaintiff's Motion for Summary Judgment.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The plaintiff filed for disability insurance benefits on November 28, 2006 claiming a period of disability beginning October 31, 2006. (Tr. at 10, 12). She claims that persistent pain has made it impossible for her to continue working. (*Id.*). Plaintiff's claim was denied initially and on reconsideration. (Tr. at 10). She then filed a written request for a hearing before an Administrative Law Judge ("ALJ"), which was held on October 12, 2007 in London, Kentucky. (*Id.*). The plaintiff appeared and testified at the hearing as did William Ellis, a vocational expert ("VE"). (*Id.*). Plaintiff's application for disability and disability insurance benefits was denied by the ALJ in a decision dated December 10, 2007. (Tr. at 10-18). On September 11, 2008 the Appeals Council denied the Plaintiff's request for review and the ALJ's decision became the

final decision of the Commissioner. (Tr. at 1-4). Consequently, this matter is now ripe for review and properly before this court pursuant to § 205(g) of the Social Security Act ("the SSA"), 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

The reviewing Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6 th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. Appx. 503, 506 (6th Cir. 2005).

**B.     Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).  The disability determination is made by an ALJ using a five step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  The claimant has the burden of proving the existence and severity of limitations caused by their impairment and the fact that he is precluded from doing past relevant work for the first four steps of the process.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  However, the burden shifts to the Commissioner for the fifth step.  *Id.*

At the first step, the claimant must show she is not currently doing substantial gainful activity.  *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b).  At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe.  *See* 20 C.F.R. § 404.1520(c).  At the third step, a claimant must prove that her impairment or combination of impairments meets or medically equals a listed impairment.  *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC").  *See* 20 C.F.R. § 404.1520(e).  The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments.  In determining the RFC, the ALJ must consider all of the claimants impairments, including ones which are not severe.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.  Once the ALJ has determined the claimants RFC, he must determine whether she has

the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the Commissioner must show that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C.     The ALJ's Determination**

The ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from October 31, 2006 through the date of his decision. (Tr. at 10, 17). At Step 1 of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2006, the date that she alleged her disability began. (Tr. at 12). At Step 2, the ALJ found that Plaintiff has a severe combination of impairments which includes degenerative disk disease and fibromyalgia. (*Id.*).

However, at Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ noted that Plaintiff had not presented any specific medical evidence supporting a finding that her conditions meet or medically equal a listed impairment. (Tr. at 14). The ALJ found that regardless of whether her impairments were considered individually or in combination, they failed to meet or medically equal the level of severity of any listed impairment. The ALJ noted that Plaintiff presented no evidence from a treating or examining physician that her impairments meet or medically equal a listing. (*Id.*). Finally, the ALJ indicated that he had specifically consulted the revised Musculoskeletal Listings in considering Plaintiff's impairments. (*Id.*).

Prior to Step 4, the ALJ determined Plaintiff's RFC. He found Plaintiff to have the RFC

to perform light work except no lifting more than 15 pounds; no bending, twisting, stooping, overhead reaching; and she must have the option to alternate between sitting and standing. (*Id.*). However, at Step 4, the ALJ determined that Plaintiff is unable to perform her past relevant work as a wood inspector and box maker. (Tr. at 16). At Step 5, the ALJ determined that considering the Plaintiff's age, education, work experience and RFC, there were jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (Tr. at 17). In making this determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). (*Id.*). The ALJ consequently determined that Plaintiff has not been under a disability as defined in the Social Security Act. (Tr. at 17-18).

**D.     Analysis**

Plaintiff raises three arguments on appeal. First, Plaintiff argues that the ALJ improperly determined the credibility of her testimony because it is corroborated by the medical evidence of record. Second, Plaintiff argues that the ALJ failed to consider the combined effect of her impairments. Finally, Plaintiff claims that the hypothetical questions that the ALJ posed to the VE at Step 5 of the sequential analysis did not accurately describe her overall limitations and that as a result the VE's answers do not provide substantial evidence supporting the ALJ's finding that there are jobs that exist in significant numbers in the national economy that she can perform. The Court will address each of these arguments in turn.

    **1.     Plaintiff's Statements Regarding Pain**

Plaintiff claims that the record establishes that her "impairments meet the requisite level of severity deemed by the Social Security Administration to be sufficient to prevent a person from engaging in any substantial gainful activity as set out in 20 C.F.R. 404.1505." In her brief,

she gives a lengthy recitation of her various ailments and restates much of the relevant medical evidence presented in support of her disability claim. She claims that this evidence supports the credibility of her statements regarding the intensity, persistence and limiting effects of her symptoms.

In general, credibility determinations are made by the ALJ "*as opposed to the appellate courts*." *Siebert v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 744, 747 (6th Cir. 2004)(emphasis in original). However, despite being entitled to substantial deference, the credibility determination must still be supported by substantial evidence. *Blacha v. Secretary of HHS*, 927 F.2d 228, 230 (6th Cir. 1990). Plaintiff argues that the ALJ's determination is not supported by substantial evidence.

A claimant's statements about the intensity and persistence of pain or other symptoms or about the effects that those symptoms have on an individuals' ability to work cannot be rejected solely on the basis of objective medical evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994); *see Jones v. Secretary of Health & Human Services*, 945 F.2d 1365, 1369-70 (6th Cir. 1991)(explaining that assuming "that there was a gap between Jones' reported symptoms and the objective evidence, the Secretary was required to consider other information in conjunction with the medical evidence."). Plaintiff is correct that the ALJ may not reject a claimant's testimony solely on the basis of medical evidence. However, Plaintiff is incorrect that the ALJ failed to consider these other factors in this case.

The factors that an ALJ must consider in determining the credibility of a claimant's statements about pain are set forth in 20 C.F.R. § 404.1529(c). Among other factors, the ALJ should consider: (i) the claimant's daily activities; (ii) the location, duration, frequency and

intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness and side effects of any medication currently being taken or that has been taken to alleviate pain or other symptoms; (v) treatment, other than medication that an individual receives for relief of pain or other symptoms; (vi) measures taken by an individual to relieve pain or other symptoms; and (vii) other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529. The Court's review of the ALJ's opinion reveals that he considered these factors properly in finding Plaintiff's statements to not be entirely credible. Furthermore, the opinion makes clear that the ALJ did not merely consider the objective medical evidence as Plaintiff contends. *Felisky*, 35 F.3d at 103.

Plaintiff indicated that "she has pain all the time and cannot sit or stand up anymore." (Tr. at 15). At the hearing before the ALJ, she claimed to be having pain in "my back, in my legs, in my arms, my hands, my neck. Just all over me." (Tr. at 42). She also claimed to be unable to stand or walk for very long and that "some days I can't make it from the bed to my bedroom door...[s]ome days I can't go 10 feet. Some days I can't go, my porch is 40 feet. Some days I couldn't make it 20 feet across it." (Tr. at 46). Finally, she also claimed to be unable to sit up for more than ten or fifteen minutes at a time. (Tr. at 46-47).

Upon considering all of the evidence in the record before him, the ALJ determined that "the claimants medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity and limiting effects of these symptoms are disproportionate to and not supported by the medical evidence." (Tr. at 15-16). As a result, the ALJ did not consider Plaintiff's statements entirely credible. (Tr. at 16). As indicated above, the ALJ correctly appears to have considered the entire record in making his

determination. *See Felisky v. Bowen*, 35 F.3d at 1039; SSR 96-7p, 1996 SSR LEXIS 4.[1]

The ALJ certainly looked at the objective medical evidence in considering the credibility of Plaintiff's statements. His review of the evidence determined that clinical and diagnostic examinations had been fairly unremarkable with "no documentation of any musculoskeletal or neurological abnormality which could reasonably be expected to result in total disability or the degree of dysfunction asserted." This determination was supported by the MRI scans reviewed by Dr. K. Michael Webb in November 2006. Dr. Webb opined that the MRI and physical exam were relatively normal. Furthermore, while the ALJ recognized that Plaintiff has mild degenerative disk disease, he found that range of motion studies were usually normal, motor strength in upper and lower extremities was normal and that there was no evidence of paraspinal muscle spasms.

In making the credibility determination, the ALJ also considered the Plaintiff's treatment other than by medication and noted that based on his review of the record she "has not required any emergency care or inpatient management for pain control." The ALJ also found evidence in the record that Plaintiff has not followed treatments recommended by her doctors. For example, Plaintiff's therapist requested a functional capacity evaluation. However, she failed to return to therapy, did not complete her treatment and was discharged from physical therapy. The

---

[1] SSR 96-7p provides instruction on the ALJ's credibility determination as follows:
> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

Plaintiff's noncompliance with recommended medical treatments appears to lend support to the ALJ's finding that her statements regarding pain were not entirely credible. *See* 20 C.F.R. § 416.930 (explaining the need to follow prescribed treatments and that failure to follow prescribed treatments without good reasons precludes a finding of disability); *Sias v. Secretary of Health & Human Services*, 861 F.2d 475, 480 (6th Cir. 1988)(explaining that where a claimant failed to stop smoking and lose weight as advised by his physician "has no right to require those who pay social security taxes to help underwrite the cost" of his bad choices and the consequences of failing to heed his physician's advice).

      The ALJ also considered Plaintiff's daily and social activities in determining that her statements concerning the intensity, persistence and limiting effects of pain were not entirely credible. *See* 20 C.F.R. § 404.1529(c)(3)(i). Plaintiff has admitted that she cooks, does laundry, uses a dust mop, goes shopping weekly and attends church on a regular basis. These daily activities undermine Plaintiff's claims regarding her pain and support the ALJ's determination that her statements regarding pain were not entirely credible.

      The ALJ also considered Plaintiff's conservative treatment in making the credibility determination. It appears that such a conservative course of treatment can provide support for the ALJ's findings. 20 C.F.R. § 404.1529(c)(3)(v); *Blacha v. Secretary of HHS*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ indicated that the record also contains no opinions from treating or examining sources supporting the Plaintiff's claimed limitations. The only such opinion is that of a physician's assistant who opined that Plaintiff was "limited to lifting no greater than fifteen pounds with no bending, twisting, stooping or overhead reaching; and no sustained sitting, standing or walking."

Finally, the Court also wishes to acknowledge that the ALJ appears to have given Plaintiff the benefit of the doubt in considering the statements regarding the intensity, persistence and limiting effects of her symptoms. Despite the fact that state agency consultants determined that Plaintiff could perform at a medium exertional level, the ALJ concluded that she was only able to work in the light exertional range. (Tr. 16, 201-08, 255-62).

For these reasons, the Court finds that the ALJ did not err in finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The ALJ's opinion indicates that he considered many factors in making this determination. As a result, it is clear that substantial evidence supports his decision and this Court will defer to his credibility determination. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

### 2. The ALJ's Consideration of Plaintiff's Combination of Impairments

Plaintiff argues that the ALJ failed to consider the combined effects of her impairments in determining that her impairments do not meet or medically equal a listed impairment.

In determining whether an individual's impairments meet or medically equal a listed impairment, the Commissioner must "consider the combined effects of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 1382c(a)(3)(G). Plaintiff cites *Blankenship v. Bowen* for the proposition that the ALJ must also conduct a subjective symptom analysis. *Blankenship v. Bowen*, 874 F.2d 1116, 1123-24 (6th Cir. 1989). However, this argument is without merit. In *Loy v. Secretary of HHS*, the Sixth Circuit explained that "an ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effects of the impairments in

combination, where the ALJ specifically refers to a combination of impairments in finding that the plaintiff does not meet the listings." *Loy v. Secretary of HHS*, 901 F.2d 1306, 1310 (6th Cir. 1990)(citing *Gooch v. Secretary of HHS*, 833 F.2d 589, 592 (6t Cir. 1987), *cert. denied*, 484 U.S. 1075, 108 S. Ct. 1050, 98 L. Ed. 2d 1012(1988)).

In this case, the ALJ determined at Step 2 of the analysis that the Plaintiff's degenerative disk disease and fibromyalgia were a "severe combination of impairments." His opinion discussed both of these impairments in great detail and the fact that he discussed them individually does not imply that he failed to give adequate consideration of their combined effects. Furthermore, at Step 3 of his analysis, the ALJ indicated multiple times that whether viewed individually or in combination, Plaintiff's combination of impairments failed to meet a listed impairment. The ALJ further supported his conclusion by indicating that he had specifically considered the revised Musculoskeletal Listings and stating that no treating or examining physician has mentioned findings equivalent in severity to any listed impairment. As a result, this Court finds that the ALJ properly considered Plaintiff's combination of impairments in determining that her impairments did not meet or medically equal a listed impairment. *See Loy*, 901 F.2d at 1310; *Foster v. Bowen*, 853 F.2d 483 (6th Cir. 1988).

### 3. The Hypothetical Questions Posed to the VE

Plaintiff's final argument is that the hypothetical questions posed to the VE did not adequately describe her limitations. Plaintiff acknowledges that the VE testified that there were medium and light exertional jobs that she could perform based on the hypothetical questions presented by the ALJ based on her RFC. However, she indicates that the VE also testified that if her statements regarding the intensity, persistence and limiting effects of her pain were believed,

there would be no jobs that she would be able to perform. Plaintiff argues that as a result, the VE's response to the ALJ's hypothetical question based on her RFC as determined by the ALJ cannot provide substantial evidence in support of the ALJ's decision at Step 5.

This argument is without merit. It is clear that an ALJ may rely on the testimony of a VE "to carry his burden of proving the existence of a substantial number of jobs that plaintiff can perform, other than her past work" as long as the testimony is given in response to a question "that accurately describes the plaintiff in all significant, relevant respects." *Felisky*, 35 F.3d at 1039; *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)("An ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). Because the ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of her pain were not credible, it is irrelevant that the VE indicated that if she were believed she could not perform any work. Testimony by a VE provides substantial evidence for the ALJ's finding where the hypothetical question involved "accurately describes the plaintiff in all significant, relevant respects." *Felisky*, 35 F.3d at 1039. As discussed previously, the ALJ's credibility determination was supported by substantial evidence. Consequently, he did not need to consider the VE's response to a hypothetical question that did not accurately describe the Plaintiff.

As a result, the Court finds that the VE's answers to the hypothetical questions posed by the ALJ provided substantial evidence supporting his decision that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

### III. CONCLUSION

For the reasons set forth in this opinion, the Court determines that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence. Accordingly, the ALJ's decision must be affirmed.

Therefore, the Court HEREBY ORDERS:

(1) Plaintiff's Motion for Summary Judgment [R. 8] is **DENIED;** and

(2) Defendant's Motion for Summary Judgment [R. 13] is **GRANTED.**

Dated this 13th day of November, 2009.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge